UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| TARA FRENCH, *an Individual*,<br>JASMINE LEONARD, *an Individual*,<br>GLADYS JACKSON, *an Individual*,<br>YESENIA HERRERA, *an Individual*, | Case No. 6:23-cv-01021-MTK<br><br>**OPINION AND ORDER** |
| Plaintiffs, | |
| vs. | |
| ST. CHARLES HEALTH SYSTEM, INC.,<br>*a corporation*, | |
| Defendant. | |

**KASUBHAI,** United States District Judge:

Plaintiffs Tara French, Jasmine Leonard, Gladys Jackson, and Yesenia Herrera ("Plaintiffs") filed this action against their former employer St. Charles Health System, Inc. ("Defendant") on July 13, 2023, alleging state and federal law claims of employment discrimination. Compl., ECF No. 1. Before the Court is Defendant's Motion to Dismiss Plaintiffs' Claims pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 10. For the reasons below, Defendant's motion is granted in part.

## BACKGROUND

Plaintiffs worked at various healthcare facilities owned by Defendant. Compl. ¶¶ 5-8. On August 4, 2021, Governor Brown announced a mandate that all health care workers must be fully vaccinated or subject to weekly COVID-19 testing. The Oregon Health Authority subsequently determined that weekly testing would not be sufficiently effective in addressing patient and co-

worker safety risks, and the mandate was changed to require that all health care workers be fully vaccinated. In summer 2021, Defendant imposed a COVID-19 vaccine mandate. *Id.* at ¶ 3. In November 2021, the U.S. Center for Medicare and Medicaid Services imposed a nationwide vaccine mandate for healthcare workers. The U.S. Supreme Court upheld the federal vaccine mandate and affirmed that the vaccine was "necessary to promote and protect patient health and safety." *Biden v. Missouri*, 595 U.S. 87, 93 (2022). Both the state and federal vaccine mandates allowed for exceptions based on religious or disability-related accommodation requests but required that such accommodations not pose a health risk to others, primarily patients and coworkers.

Plaintiffs applied for religious exemptions to the vaccine mandate within several months of the mandate taking effect. Compl. ¶¶ 5-8. Plaintiffs allege they hold "sincere and profound religious beliefs that prevented them from being able to take the available COVID-19 vaccines" to comply with Defendant's vaccine mandate. *Id.* at ¶ 4. Plaintiffs' exemption requests were granted. Plaintiffs French, Leonard, Herrera were placed on administrative leave and were subsequently terminated. *Id.* at ¶¶ 5, 6, 8. Plaintiff Jackson contracted COVID-19 after applying for an exemption and was terminated after she was on medical leave for several months. *Id.* at ¶ 7.

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Los Angeles Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint

and construe them in the light most favorable to the non-moving party. *Id.* To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Los Angeles Lakers, Inc.*, 869 F.3d at 800. The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## DISCUSSION

Defendant moves to dismiss Plaintiff French's religious discrimination claims for failure to plead that she held a bona fide religious belief in conflict with an employment duty. Defendant also moves to dismiss all Plaintiffs' hostile work environment claims because unvaccinated individuals are not a protected class entitled to protection by Title VII. The Court addresses each argument in turn.

I.   **Employment Discrimination**

Defendant moves to dismiss Plaintiff French's claim that Defendant engaged in unlawful employment discrimination based on religion under Title VII of the Civil Rights Act and Or. Rev. Stat. ("ORS") § 659A.030 by failing to accommodate her request for a religious exemption from the COVID-19 vaccine mandate. Specifically, Defendant asks the Court to find that Plaintiff has not sufficiently alleged that she held religious beliefs that conflicted with the vaccine mandate.

To make out a prima facie case of religious discrimination based on a failure to accommodate a religious exemption request under Title VII or ORS 659A.030, a claimant must plead sufficient facts to show that (1) she had a bona fide religious belief that conflicted with an employment duty; (2) she informed her employer of the belief and conflict; and (3) the employer took an adverse employment action because of the claimant's inability to fulfill the job requirement. *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004); *see also Heller v. EBB Auto Co.*, 8 F.3d 1433, 1437 n. 2 (9th Cir.1993) ("Courts construe Oregon's statutory counterpart, Or.Rev.Stat. § 659.030 (1992), as identical to Title VII").

Defendant argues that Plaintiff French fails to state a claim of religious discrimination because she fails to allege the first element of such a claim—that she held a bona fide religious belief that conflicted with the vaccine mandate. Defendant's arguments can be distilled into two general points: (A) that Plaintiffs' allegations about their faith are too conclusory to state a claim and (B) that Plaintiffs' beliefs are truly secular rather than religious in nature.

A. The Specificity of Plaintiff's Pleading

Defendant argues that Plaintiff French fails to allege a religious belief in conflict with an employment duty because her allegations are conclusory and lack specificity. While courts need

not "take plaintiffs' conclusory assertions of violations of their religious beliefs at face value," *Bolden-Hardge v. Off. of California State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023) (internal citation omitted), assertions "of a sincere religious belief [are] generally accepted." *Keene v. City & Cnty. of San Francisco*, No. 22-16567, 2023 WL 3451687, at *2 (9th Cir. May 15, 2023); *see also Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1176 n.3 (9th Cir. 2021) ("We may not . . . question the legitimacy of [plaintiffs'] religious beliefs regarding COVID-19 vaccinations." (citing *Masterpiece Cakeshop, Ltd. v. Colorado C.R. Comm'n*, 584 U.S. 617, 638 (2018))). Further, "religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit" protection. *Thomas v. Rev. Bd. of Indiana Emp. Sec. Div.*, 450 U.S. 707, 714 (1981).

Plaintiff French asserts that she has a bona fide religious belief that conflicted with an employment duty because she held "sincere and profound religious beliefs that prevented [her] from being able to take the available COVID-19 vaccines." Compl. ¶ 4. In the letter accompanying Plaintiff French's vaccine exemption request,[1] she elaborated that her decision is informed by scripture, citing a specific passage that she believes conflicts with the vaccine mandate. *See* Durr Decl. Ex. 2, ECF No. 11. In particular, she believes that her "body is a temple of the Holy Spirit" and asserts that taking a vaccine which "could be harmful and a risk to [her] physical body" was inconsistent with that belief. *Id*.

Taking all factual allegations as true and drawing all reasonable inferences from the pleadings in the light most favorable to Plaintiff French, she plausibly alleged that she has religious beliefs in conflict with an employment duty because the vaccine mandate would require

---

[1] Defendant agrees that this letter is properly considered as incorporated by reference by Paragraph 5 of Plaintiff's Complaint. Def. Mot. at 4.

Page 5 —OPINION AND ORDER

her to partake in a medical intervention inconsistent with her religious beliefs. Accordingly, Plaintiff French's allegations are sufficient at the pleading stage.

### B. "Secular" Allegations

Defendant also argues that even if Plaintiff French did allege beliefs in conflict with an employment duty, those beliefs are secular and therefore insufficient to support her claims for religious discrimination. According to Defendant, Plaintiff's statements regarding her beliefs demonstrate that they are secular rather than religious because her ultimate decision not to take the vaccine was derived from beliefs about vaccine safety. In particular, Plaintiff expresses her concern that the vaccine's "side effects could be harmful," that it "has not been tested for long," and that it "could also cause long term problems for [her] body." Durr Decl. Ex. 2. Thus, Defendant argues that Plaintiff's concerns regarding the vaccine's side effects are medical and scientific concerns constituting secular rather than religious beliefs.

Because "Title VII does not protect secular preferences," employers need not accommodate personal preferences couched as a bona fide religious belief. *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 682 (9th Cir. 1998) (citations omitted). However, a religious belief may still be sufficiently pled when alleged alongside secular beliefs. *What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws*, U.S. Equal Emp. Opportunity Comm'n, § L.2 https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws (last visited Mar. 20, 2024) ("[O]verlap between a religious and political view does not place it outside the scope of Title VII's religious protections, as long as the view is part of a comprehensive religious belief system and is not simply an isolated teaching."); *see Doe,* 19 F.4th at 1180 (citing *What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws*, U.S. Equal Emp.

Opportunity Comm'n, § L.2–L.3 https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws).

As the Court has already addressed, Plaintiff plausibly alleged sincere religious beliefs in conflict with an employment duty. Defendant argues that because there are secular concerns underlying the religious ones (e.g., medical or scientific beliefs about the contents of the vaccine which lead her to conclude that taking the vaccine conflicts with her religious beliefs), the beliefs as a whole are secular rather than religious. However, as noted above, the fact that Plaintiff French also alleged a medical component to her belief does not nullify her religious-based objections to the vaccine.

Accordingly, Defendant's motion to dismiss Plaintiff French's employment discrimination claim is denied.

## II. Hostile Work Environment

Defendant also moves to dismiss all Plaintiffs' hostile work environment claims under Title VII of the Civil Rights Act. Title VII protects employees from discrimination on the basis of their race, color, religion, sex, or national origin. 42 U.S.C. §2000e-2(a)(2). For Plaintiffs to make out a prima facie case under a hostile work environment theory, they must show: "(1) that [they were] subjected to verbal or physical conduct of a [because of their religion]; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of [their] employment and create an abusive work environment." *Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 642 (9th Cir.2003) (citing *Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir.1998)).

Defendant argues that any hostile work environment claim fails because Plaintiffs did not allege that they were members of a protected class. However, religion is an enumerated protected

class under Title VII, 42 U.S.C. §2000e-2(a)(2), and Plaintiffs have alleged that they held "sincere and profound religious beliefs." Compl. ¶ 3. Thus, the Court understands that the argument underlying Defendant's assertion is that Plaintiffs have not alleged that the conduct was directed at their religion but was instead directed at their vaccination status, which is not protected under Title VII. The question is therefore whether Plaintiffs have alleged facts which plausibly establish harassment based on their religious status.

In the Ninth Circuit, a plaintiff sufficiently pleads a hostile work environment claim when they allege, for example, that the verbal harassment contained epithets linked to their protected status. *See* Sharp v. S&S Activewear, LLC, 69 F.4th 974, 979 (9th Cir. 2023) (stating that "gender-specific epithets," . . ha[ve] been consistently held to constitute harassment based upon sex") (internal quotation omitted); *see also* Kang v. U. Lim Am., Inc., 296 F.3d 810 (9th Cir. 2002) ("Generally, a plaintiff alleging racial or national origin harassment would present facts showing that he was subjected to racial epithets in the workplace."); Dawson v. Entek Intern, 630 F.3d 928 (9th Cir. 2011) (holding that summary judgment was appropriate because the record did not demonstrate that the plaintiff was "being verbally harassed for appearing non-masculine or for otherwise not fitting the male stereotype").

Here, Plaintiffs did not plausibly allege that they experienced harassment because of their religious status. Plaintiff French alleges that she "endured humiliation and a hostile work environment for a period of months," was "rejected by many of her peers, management, and executives," and was "blamed and shamed." *Id*. ¶ 5. Plaintiff Leonard alleges that she received "hateful comments about people who were not getting vaccinated." *Id*. at ¶ 6. Finally, Plaintiff Jackson asserts she was "bullied and harassed due to her unvaccinated status." *Id*. at ¶ 7. The Complaint contains no allegations regarding Plaintiff Herrera's work environment.

As summarized above, Plaintiffs French, Leonard, and Jackson allege conduct directed at unvaccinated individuals, but there are no allegations which would allow a plausible inference that the conduct occurred "because of" their protected religious status. There are no allegations of epithets or other language directed at their religion, nor are there any allegations which would allow the plausible inference that behavior directed at unvaccinated individuals was "because of" those individuals' religion. Indeed, the Complaint refers to conduct towards unvaccinated individuals with no allegation that individuals remaining unvaccinated for non-religious reasons were treated any differently than those who were unvaccinated for religious reasons. Further, Plaintiff Herrera alleged no facts at all regarding a hostile work environment. Accordingly, Defendant's Motion to Dismiss is granted as to the hostile work environment claims.

Plaintiffs have requested leave to amend their Complaint to address any deficiencies. Rule 15(a)(2) provides that the "court should freely give leave [to amend a pleading] when justice so requires." A district court should apply Rule 15's "policy of favoring amendments . . . with extreme liberality." *Price v. Kramer*, 200 F.3d 1237, 1250 (9th Cir. 2000) (quotation marks omitted). The purpose of the rule "is 'to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (quoting *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011)). A district court, however, may, within its discretion, deny a motion to amend "due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (alteration in original) (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)). "Not all of the factors merit equal weight. As this circuit and

others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Futility of amendment, however, "can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Plaintiffs are granted leave to amend their Complaint because amendment would not be futile and amendment would not prejudice Defendant. There is no indication in the record before the Court that amendment would be futile. Defendant would not be prejudiced by this Court granting leave to amend because Plaintiffs have not yet amended their complaint, and Defendant is on notice regarding the nature of the claims. Accordingly, Plaintiffs are given leave to amend.

## CONCLUSION

For the reasons above, Defendant's Motion to Dismiss (ECF No. 10) is GRANTED IN PART. Plaintiffs' hostile work environment claims are dismissed with leave to amend within 30 days of the date of this Opinion and Order. If Plaintiffs do not amend, then Defendant's Answer is due 21 days from the date the First Amended Complaint would have been due.

DATED this 6th day of December 2024.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge